UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BURDETTE,

     Plaintiff,

v.                                                                    Case No. 1:24-cv-1278
                                                                      Hon. Hala Y. Jarbou

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant,

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied his claim for disability insurance benefits (DIB).

By way of background, on June 9, 2015, an administrative law judge (ALJ) issued an unfavorable decision on plaintiff's previous claim for benefits.  PageID.27, 87-101.  Plaintiff filed the present application for DIB on September 29, 2021, alleging a disability onset date of October 7, 2019.  PageID.27.  Plaintiff has an associate's degree in general education and past relevant work as a parts clerk and tool crib attendant.  PageID.35, 50. Plaintiff listed his disabling conditions as post-traumatic stress disorder (PTSD), anxiety, depression, degenerative disc disease (DDD) L4-5, chronic obstructive pulmonary disease (COPD), runner's knee, neuropathy, tinnitus, and hand tremors.  PageID.268.  In the present case, an ALJ reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on October 23, 2023.  PageID.27-37.  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

## I.    LEGAL STANDARD

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits.  A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the [Commissioner] to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . .  physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003).  However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.    ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation.  At the first step, the ALJ found that plaintiff last met the insured status requirements of the Social Security Act on December 31, 2020.  PageID.41.  The ALJ also found that plaintiff has not engaged in substantial gainful activity from the alleged onset date of October 7, 2019 through his date last insured of December 31, 2020.  PageID.30.  At the second step, the ALJ found that through the date last insured, plaintiff had severe impairments of lumbar degenerative disc disease; obesity; PTSD; and chronic bereavement.  *Id*.  At the third step, the ALJ found that through the date last insured, plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  *Id*.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently. He can stand and/or walk about six hours and can sit about six hours in an eight-hour workday. He can occasionally operate foot controls. He can occasionally climb ramps and stairs, and should never climb ladders, ropes, or scaffolds.  He can frequently balance, and can occasionally stoop, kneel, crouch, and crawl. He can tolerate just occasional exposure to vibration, and to atmospheric conditions such as dusts, noxious odors, fumes, gases, and poor ventilation. He can tolerate a moderate noise intensity at most. He should not work at unprotected heights and should not operate hazardous moving machinery. He can understand, remember, and concentrate sufficiently to carry out simple, routine tasks on a sustained basis and to make simple work-related decisions. He can perform work that requires up to frequent interactions with supervisors and occasional interactions with co-workers, but should not perform work that requires interactions with the public. He can manage the demands involved in simple, routine work that involves no more than occasional work-related changes, with limitations in social interactions as already stated.

PageID.31-32.  The ALJ also found that through the date last insured, plaintiff was unable to perform any past relevant work.  PageID.35.

4

At the fifth step, the ALJ determined that, through the date last insured, plaintiff could perform a significant number of light, unskilled jobs.  PageID.35-36.  Based on the testimony of vocational expert (VE), the ALJ found that plaintiff could perform the requirements of occupations in the national economy such as cleaner (194,000 jobs), collator operator (33,000 jobs), and router (25,000 jobs).  PageID.36.  Accordingly, the ALJ determined that plaintiff was not under a disability, as defined in the Social Security Act, at any time from October 7, 2019 (the alleged onset date) through December 31, 2020 (the date last insured).  PageID.36-37.

### III.    DISCUSSION

Contrary to the Court's directive, defendant filed a "Motion for summary Judgment" (ECF No. 10) and did not include the required statement of error.[1]  Based on plaintiff's filing, the Court construes the alleged error in this case as follows:

> **Defendant failed to follow the correct legal standards which prohibit the ALJ from "cherry-picking" evidence to make it appear plaintiff is not disabled which the ALJ did in this case.**

Plaintiff contends that the ALJ "cherry-picked" the evidence.  Plaintiff's argument summarizes parts of the administrative record in an apparent attempt to demonstrate that the ALJ's review of the record was incomplete.  *See* Plaintiff's Brief (ECF No. 10, PageID.834-844).  Plaintiff cites no authority to support his argument other than a passing reference in *Gentry v. Commissioner of Social Security*, 741 F.3d 708 (6th Cir. 2014) referring to a case with alleged

---

[1] The Notice Regarding Consent and Directing Filing of Briefs (ECF No. 4) states in pertinent part:

Plaintiff's initial brief . . .  <u>must contain a Statement of Errors, setting forth in a separately numbered section, each specific error of fact or law upon which Plaintiff seeks reversal or remand. Failure to identify an issue in the Statement of Errors constitutes a waiver of that issue. Motions for summary judgment are inappropriate in Social Security cases and shall not be filed</u>. [emphasis added]

"cherry-picking" of the evidence and two citations regarding basic concepts of administrative review.[2]  *Id*. at PageID.834.

It is unnecessary for the ALJ to address every piece of medical evidence.  *See Heston*, 245 F.3d at 534-35.  An argument that the ALJ mischaracterized or "cherry-picked" the record is frequently made and seldom successful, because "the same process can be described more neutrally as weighing the evidence." *White v. Commissioner*, 572 F.3d 272, 284 (6th Cir. 2009). *See Daniels v. Commissioner of Social Security*, 152 Fed. Appx. 485, 489 (6th Cir. 2005) ("an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered").

As an initial matter, plaintiff apparently wants this Court to perform a de novo review of the record and "award him benefits from his disability onset date forward".  This Court does not perform a de novo review the evidence.  *See Brainard*, 889 F.2d at 681.  As discussed, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion.  *See Cutlip*, 25 F.3d at 286; *Willbanks*, 847 F.2d at 303.

Here, the relevant time period for plaintiff's DIB claim was a little more than one year, from the alleged disability onset date of October 7, 2019, through December 31, 2020.  The ALJ reviewed about 450 pages of medical records from before, during and after the relevant time

---

[2]  Plaintiff cites *Gentry* for the proposition "(reversing where the ALJ "cherry-picked select portions of the record" rather than doing a proper analysis)".  Plaintiff's Brief (ECF No. 10, PageID.834). *Gentry* was a lengthy decision which referred to the concept of "checking picking" in passing. *See Gentry*, 741 F.3d at 723-724 stating:

> Moreover, although the ALJ stated that she considered all the medical evidence marked as exhibits, her reasoning shows that she discounted the severity of Gentry's conditions —based on periodic improvements and cessation of treatment — by failing to address certain portions of the record, including the evidence of a continuing illness that was not resolved despite use of increasingly serious and dangerous medications. *See Minor v. Comm'r of Soc. Sec.*, 513 Fed. Appx. 417, 435 (6th Cir.2013) (reversing where the ALJ "cherry-picked select portions of the record" rather than doing a proper analysis)[.]"

(January 2018 through July 2023).  *See* ECF Nos. 3-7 and 3-8, PageID.353-806 (Exhs. B1F through B5F); PageID.31.

In performing this review, the ALJ noted that plaintiff "presented few medical records pertaining to the appropriate timeframe." PageID.33.  The ALJ recognized that plaintiff has a history of degenerative disc disease of the lumbar spine and that an MRI of his spine in September 2019 showed a new right central disc protrusion with super imposed annular fissure at L5-S1 producing minimal central spinal canal narrowing, a stable slight disc bulge at L4-5 (Ex. B1F/18-19).  PageID.33. The ALJ noted that,

> In October 2019, the claimant attended a comprehensive evaluation for his service related injuries, including back pain; the claimant reported that he has a flare of pain when he remains on the toilet too long and occurs once or twice per week. On examination, he had an abnormal range of motion, guarding and muscle spasm, abnormal gait, decreased and sensation in the left thigh and feet, suggestive of L4/L5/S1/S2/S3 nerve root involvement. (Ex. B1F/126-154) Examinations were remarkable for tenderness of the paraspinal muscles to the lumbar spine on palpation and passive range of motion with flexion and rotations. (Ex. B1F)

*Id*.

The claimant treated with pain management specialists beginning in March 2020. *Id*.  Treatment notes were remarkable for spinous process tenderness and injection therapy "with significant relief of symptoms for several weeks. (Ex. B2F)". *Id*.  The record reflects that plaintiff engaged in various activities during the relevant time period. In November 2020, plaintiff "reported soreness after raking leaves for several hours (Ex. B1F)" and in December 2020 plaintiff "reported that he had been helping his mother-in-law lay flooring over the weekend for a few hours (Ex. B1F/89)". *Id*.  The ALJ considered plaintiff's obesity and limited him "to light exertion work with reduced postural activities and limited exposure to environmental conditions or hazards, in part because of obesity." *Id*.  The ALJ also considered plaintiff's mental impairments and acknowledged that these impairments "warrant the limitations as described in the residual

functional capacity assessment adopted herein." *Id*.  The ALJ noted plaintiff's history of PTSD and found that "[p]sychiatry visits remained remarkable for feelings of being overwhelmed, irritability, abnormal moods, restrictive affect, and difficulty tolerating others (Ex. B1F)." PageID.34.

The ALJ reviewed opinions of plaintiff's physical limitations offered by Trinh Nguyen, D.O. (Ex. B2A) and Larry Jackson, M.D. (Ex. B4A).  *Id*.  The ALJ found that these opinions "suggest a limitation to light work with postural limitations and environmental limitations, with varying degrees of limitations expressed regarding postural activities and environmental factors."  *Id*.  The ALJ concluded that, [o]verall, a limitation to light work with postural and environmental limitations is persuasive.  *Id*.

In addition, the ALJ considered opinions of plaintiff's mental limitations offered by Karen Hanson, PhD (Ex. B2A) and George Starrett, EdD (Ex. B4A).  *Id*. Drs. Hanson and Starrett

> opined that the claimant would have mild limitations in his ability to understand, remember, or apply information and in his ability to adapt or manage oneself with moderate limitations in interacting with others and concentration, persistence, or maintaining pace and that the claimant could complete simple, routine, and repetitive work, make simple workplace decisions, and should have little or no contact with the public an with a small number of co-workers.

*Id*.  The ALJ found these opinions as "consistent with and supported by the medical and other evidence of record, and so are persuasive."  *Id*.

Most recently, Natalie Rea-Michalak, PsyD (Ex. B7A) (May 12, 2022) (PageID.144) and Dr. Starrett (Ex. B9A) (August 15, 2022) (PageID.153) "found that there was insufficient evidence as of the claimant's date last insured [December 31, 2020] to make any specific findings."  PageID.34-255.  Accordingly, the ALJ concluded that, "I need not evaluate their assessments."  PageID.35.

Based on this record, the ALJ's opinion is supported by substantial evidence. Contrary to plaintiff's contention, the ALJ provided an adequate evaluation of the evidence and rationale for her decision.  Accordingly, plaintiff's claim of error should be denied.

### IV.    RECOMMENDATION

For the reasons discussed, I respectfully recommend that the Commissioner's decision be **AFFIRMED**.

Dated: February 17, 2026                              /s/ Ray Kent
                                                      Ray Kent
                                                      United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).